**Herbert Cecil CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40912.

Court of Criminal Appeals of Texas.

March 13, 1968.

Rehearing Denied May 22, 1968.

Ben Henderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, John Emmett and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

MORRISON, Judge.

Our prior opinion dismissing the appeal is set aside and the case will now be considered on the merits.

The offense is receiving stolen property; the punishment, three years.

The appellant challenges the sufficiency of the evidence to support the conviction. The evidence shows that 18 air conditioners were stolen from the stock of appliance and furniture dealer James E. Golden. The theft was reported to the police, and Officer Leavelle was furnished a list of the missing air conditioners and the serial numbers of some of them on October 5, 1965.

One of the air conditioners, and later two more were found among similar air conditioners in the stock of G. Hubert Miller, also an appliance and furniture dealer.

Mr. Miller's explanation of his possession of his competitor's three air conditioners was that appellant "bought them for him."

Officer Leavelle's testimony as to his conversation with appellant includes the following:

"Q. All right. Sometime in October after you talked with Mr. Miller and had gone to Mr. Clark's place of business, were you talking to Mr. Clark?

A. I talked to him on several occasions, yes.

Q. All right. At any time that you talked to him at his place of business, did you inquire of C. H. Martin?

A. Yes sir.

Q. And did you ask Mr. Clark who C. H. Martin was?

A. Yes sir, I did, many times.

Q. What did he tell you?

A. He claimed he didn't know anything about him and hadn't seen him but the one time when he bought these air conditioners from him.

Q. That's when he was talking about the three air conditioners?

A. That's when we were talking about the first one.

Q. Yes sir. All right. Did he give you a description of C. H. Martin?

A. He gave me a description of an unknown man about 45 years of age.

Q. And did he tell you what type of vehicle Mr. Martin had?

A. Chevrolet pickup, I believe.

Q. And did you ask him how he knew this C. H. Martin?

A. Yes sir.

Q. What did he tell you about that?

A. He said he asked to see the man's driver's license and he saw the name on the driver's license.

Q. And what did he say was on the driver's license?

A. He said C. H. Martin, but no address.

Q. And did Mr. Clark tell you whether or not he had known Mr. Martin before?

A. He said he'd never seen him before.

Q. Did he say he had ever seen him since?

A. He said he hadn't seen him since."

The check which Officer Leavelle identified as having been furnished him by Mr. Miller in November 1965, was admitted in evidence as State's Exhibit 1. This check is for $250.00 and bears the signature of G. Hubert Miller and the notation, "Air conditioners." C. H. Martin is the payee and the check is endorsed "C. H. Martin" and "Katy Employees Credit Union." It is dated May 4, 1965, and shows to have been paid by the bank on which it was drawn on May 6, 1965.

Four other checks signed by G. Hubert Miller and payable to C. H. Martin were identified by Officer Leavelle as those Mr. Miller turned over to him some month and a half later. These checks were introduced as State's Exhibits 2, 3, 4, and 5.

Exhibit 2 is a $200.00 check dated May 27, 1965, which bears the notation "2 air conditioners". It bears the endorsements "C. H. Martin" and "Union Motors by H. C. Clark."

Exhibit 3 is a check for $175.00 dated June 10, 1965, and bears the notation "2 air conditioners" and is endorsed, "H. C. Clark".

Exhibit 4 is a check for $100.00 dated June 25, 1965, and bears the notation "Furniture".

Exhibit 5 is a check dated August 27, 1965, for $100.00 bearing the notation "1-A.C."

Exhibits 4 and 5 bear the same endorsements as State's Exhibit 1.

The evidence offered by the State shows that neither Officer Leavelle nor the grand jurors were able to locate any such person as C. H. Martin or any such address as that shown on his endorsement on State's Exhibit 2.

The undisputed evidence shows that the proceeds of each of the five checks signed by G. Hubert Miller were paid to appellant and whatever the supposed "C. H. Martin" received, he received from appellant in cash.

Appellant, who testified in his own behalf, appears to have made no effort to produce the person from whom he received the stolen property and no other witness testified that he saw the man to whom the checks were payable.

We find the evidence sufficient to support the conviction.

The judgment is affirmed.